UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FREDERICK T. BRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1230-JDT-cgc |
| ) | |
| HILTON HALL, JR., and JOHN BORDEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER TO MODIFY THE DOCKET,
DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2),
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

On October 9, 2020, Plaintiff Frederick T. Bray, who is incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF No. 1.) He sues the HCCF Warden, Hilton Hall, Jr.;[1] and HCCF Medical Director John Borden.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a

---

[1] Bray identifies the HCCF Warden as Henton Hall, but his correct name is Hilton Hall, Jr. *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html. The Clerk is directed to MODIFY the docket to reflect Hall's correct name.

"down payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2).  However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint.  § 1915(a)(2).  In this case, Bray's *in forma pauperis* affidavit was not accompanied by a copy of his trust account statement for the last six months.  He will be required to provide the Court with that document.

      The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

      In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make

2

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Bray filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Bray alleges that he ran out of blood pressure medication at the HCCF on October 3, 2019. (ECF No. 1 at PageID 3.)  For seven days he did not receive any medication, and on October 10, 2019, he began having chest pains; he pushed the call button but no one responded.  (*Id.*)  Bray began to feel faint, and his cellmate said, "Fred I believe you are having a heart attack."  (*Id.* at PageID 4.)  After more than two hours of Bray pushing the call button, an unidentified officer finally answered but told Bray the prison was having a code and she would get back to him.  (*Id.*)

3

An unidentified officer arrived in response to Bray's call at approximately 2:15 a.m.; Bray states he was in severe pain and felt weak, tired, and sweaty but still was forced to walk to the medical department. (*Id.*) There he was seen by an unidentified nurse who told him he was having a heart attack. (*Id.*) Bray was taken to the hospital in Jackson, Tennessee, where he underwent surgery for placement of cardiac stents and remained hospitalized for four or five days. (*Id.; see also* ECF No. 1-1 at PageID 12 (Grievance #33262-338658).) He contends he almost died because he was not given his medication and was not provided with prompt medical care. (ECF No. 1 at PageID 4.)

To the extent Bray seeks to sue Hilton or Borden in their official capacities, such claims are treated as claims against their employer, CoreCivic, which manages the HCCF.[2] However, Bray does not state a claim against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Bray must show that the alleged deprivation of his

---

[2] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison.").

rights was due to a policy or custom of the company. *Id.* Bray, however, does not allege that his injuries are the result of an unconstitutional policy or custom of CoreCivic. He therefore fails to state a claim against the Defendants in their official capacities.

As to Bray's individual capacity claims, the Court reviews allegations regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" . . . proscribed by the Eighth Amendment." To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. That is, an Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298.

The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. The subjective component requires that jail officials acted with the requisite intent—i.e.,— had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable

under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

Bray alleges that he suffered a heart attack due to the delay in medical care on October 10, 2019, and the failure to administer his blood pressure medication during the week leading up to the heart attack. He therefore sufficiently alleges a serious medical need and states the objective component of an Eighth Amendment claim.

Bray does not, however, sufficiently allege the subjective component of a claim for lack of medical care. He has not identified and sued any specific individual who was responsible for giving him his medication but failed to do so. Nor does Bray identify and sue the officers who failed to respond promptly to his emergency calls or any specific medical provider who actually failed to treat him properly in the HCCF medical department. He alleges only that a nurse advised he was having a heart attack and that he was taken to the hospital.

Though he sues Warden Hall and the HCCF Medical Director, Borden, Bray does not allege that either of the Defendants was personally involved in the failure to provide him with adequate medical care. Instead, he appears to have sued them merely because of their supervisory positions. Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). In addition, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Accordingly, Bray has failed to plausibly allege that either Defendant acted with deliberate indifference to his serious medical needs; he thus does not state a claim under the Eighth Amendment.

For the foregoing reasons, Bray's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain*, 716 F.3d at 951; *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Bray should be given the opportunity to amend his complaint.

Accordingly, Bray's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.

Bray is ORDERED to submit, within 21 days after the date of this order, **on or before November 5, 2020**, a copy of his inmate trust account statement for the last six months.  If he fails to comply within the time specified, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee[3] from his trust account without regard to the PLRA's installment procedures, and dismiss this case without further notice.

In addition, Bray may file an amended complaint, also within 21 days, **on or before November 5, 2020**.  Bray is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to any prior pleadings.  The text of the amended complaint must allege sufficient facts to support each claim without reference to any other document.  The amended complaint must identify each defendant Bray intends to sue, set forth the specific causes of action that are asserted against each defendant, allege sufficient facts to support those claims, and state the relief sought.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  If Bray does not file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing any civil case.  That additional $50 fee will not apply if Bray is granted leave to proceed *in forma pauperis*.