# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK T. BRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1230-JDT-cgc |
| | ) | |
| HILTON HALL, JR., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ASSESSING $350 CIVIL FILING FEE IN ACCORDANCE WITH PLRA, DISMISSING CASE, AND CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On October 15, 2020, the Court directed the *pro se* prisoner Plaintiff, Frederick T. Bray, Tennessee Department prisoner number 122696, to either pay the civil filing fee or submit a copy of his trust account statement. (ECF No. 4 at PageID 25-26, 32.) In the same order, the Court also dismissed the complaint but granted leave to file an amended complaint within 21 days, on or before November 5, 2020. (*Id.* at PageID 27-32.) Bray was warned that if he failed to file either his trust account statement or an amended complaint, the Court would dismiss the case. (*Id.* at PageID 32.) He filed a copy of his trust account statement on October 28, 2020. (ECF No. 5.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Bray now has submitted both a completed and signed *in forma pauperis* affidavit and a copy of his inmate trust account statement. The motion

to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 civil filing fee.[1]

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Rm. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order. If Plaintiff is transferred to a different prison, he shall provide the officials at the new facility with a copy of this order.

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case, but the additional fee does not apply when leave to proceed *in forma pauperis* is granted.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the Hardeman County Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Though Bray submitted his trust account statement in compliance with the Court's order, he has not filed an amended complaint. Because the time within which to do so has now expired, this case is DISMISSED with prejudice in its entirety. Judgment will be entered in accordance with the October 15, 2020, order dismissing the original complaint for failure to state a claim on which relief may be granted. Bray is assessed his first strike under § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Bray would not be taken in good faith.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                       s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE